# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2010

Lyle W. Cayce
Clerk

No. 09-50892

KATHLEEN A. STEWART, Individually and on Behalf of All Others
Similarly Situated,

Plaintiff - Appellant

v.

AT&T, formerly known as SBC Communications Inc; AT&T PENSION
BENEFIT PLAN-NON BARGAINED PROGRAM, formerly known as SBC
Pension Benefit Plan and SBC Pension Benefit Plan-NonBargained Program,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-318

Before REAVLEY, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's order granting summary
judgment.   Appellant Kathleen Stewart claims her retirement plan with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-50892

Appellees violates the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. The district court held that the plan administrator and subsequent review committee did not abuse their discretion by denying Appellant's ERISA claims. We AFFIRM.

We review a district court's grant of summary judgment in an ERISA case de novo, applying the same standard as the district court. *Schexnayder v. Hartford Life & Accident Ins. Co.*, 600 F.3d 465, 468 (5th Cir. 2010). Because the retirement plan confers discretion on the plan administrator to construe the plan's terms, we review the administrator's construction of the plan for abuse of discretion. *See Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 537-38 (5th Cir. 2007) (citation omitted).

Stewart first argues that the district court erred by dismissing her claim that the 2004 Amendment to the retirement plan violates ERISA's anti-cutback rule, 29 U.S.C. § 1054(g). Specifically, Stewart argues that prior to 2004, her retirement plan had entitled her to full benefits for the twenty-five years of service she provided at Ameritech Services, Inc. However, Stewart argues that the 2004 Amendment retroactively cut back those benefits by an amount equal to the lump sum she had received as payment for her retirement benefits at Ameritech. As proof of this cutback, Stewart points to various communications from Appellees prior to 2004 which stated that Appellees would recognize her years at Ameritech.

However, prior to 2004, Stewart's retirement plan contained various rules which expressly prohibited acknowledging any service at another company without first accounting for any lump-sum payment that employee received.[1]

---

[1] Appellant argues these rules are "void for impossibility" because they allow for certain classes of employees to pay back their lump sum payments but do not allow Stewart to do so. However, the fact that some employees may pay back their lump sum and others cannot do not void the rules. The plan administrator interpreted the rules as designed to prevent employees from seeking double-compensation under the plan, not as a bargained-for procedure

No. 09-50892

Moreover, all communications Stewart points to from Appellees prior to 2004 either provided no calculation of her future benefits or expressly acknowledged an offset for her earlier lump sum payment. Therefore, we agree with the plan administrator's interpretation that these communications were consistent with the anticipated merger of Appellee AT&T and Ameritech, but that they did not demonstrate that Appellees at any time promised to award Stewart double compensation for her Ameritech service. As there was no retroactive reduction of benefits, no illegal cutback occurred.

Stewart next argues that the district court erred in dismissing her claims that the 2004 Amendment's General Offset and Special Offset violate ERISA's anti-forfeiture rule, 29 U.S.C. § 1053(a), and ERISA's actuarial equivalence rule, *id.* § 1054(c)(3). We disagree. By its own terms, the Special Offset only becomes relevant when it provides greater benefits than the General Offset. Meanwhile, the General Offset does no more than deduct from Stewart's benefits an annuity amount equivalent to the lump sum she had received as payment for her Ameritech service.[2] This annuity offset is itself reduced if Appellant chooses to retire before age 65. As the General Offset accounts both for Stewart's prior lump-sum payment and the potential for her early retirement, we find that the plan neither forfeits Appellant's right to her normal retirement benefits, nor does it violate ERISA's actuarial equivalence rule.[3]

AFFIRMED.

---

by which all employees may synchronize their retirement benefits into one payment. Accordingly, whether Appellant can repay her lump sum is irrelevant.

[2] Indeed, the offset amount is the same amount that Stewart herself rejected in favor of an immediate lump-sum payment when she left Ameritech, demonstrating that Stewart placed greater value on the lump sum than any corresponding future annuity.

[3] Appellant also argues that the district court erred by dismissing her motion for class certification as untimely. However, we do not need to reach this issue. While we agree with the Appellant's interpretation of the term "pleading," any error by the district court on this issue is rendered moot by the court's resolution of Appellant's claims on the merits.